JOHNS, appellant, v. GUSTIN.

*Evidence — statute of frauds — when objection to void contract must be taken.— warranty — damages.*

In an action to recover the price of a quantity of roofing material, the defense was a breach of warranty. *Held,* that the objection that the warranty being for five years was void, unless in writing, could not be raised for the first time upon appeal to general term. It should have been made at the trial.

A witness was asked what a roof would have been worth, if it had been as stated by defendant, and in circular. It did not appear that the circular was issued by plaintiff. *Held,* that the question was improper.

*J. A. Hathway,* for appellant.

*C. Whitney,* for respondent.

MULLIN, P. J.

APPEAL from a judgment entered upon a report of a referee. The opinion contains nothing of importance not noticed in the head note.

---

WAVERLY PAPER MILLS, appellant v. BRISTOL *et al.*

*Contract — power of steam engine.*

Defendants agreed to furnish a steam engine which would run certain machinery in a mill. *Held,* that if the engine was a fair and merchantable one and did the work agreed to be done, it was sufficient ; and such engine need not stand the test of an indicator placed upon it for the purpose of showing its power.

*J. N. Dexter,* for appellant.

*Charles E. Parker,* for respondent.

MILLER, P. J.

APPEAL from a judgment entered upon the report of a referee, in an action for an alleged breach of contract by defendants, to furnish plaintiff a steam engine, etc., sufficient to run the machinery in plaintiff's paper mill.

The main point at issue was the terms of the contract concerning which the evidence was conflicting. The judgment was affirmed, upon the ground that there was no such preponderance of testimony as would justify the reversal of the finding of the referee.

*Judgment affirmed.*